IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Terry A. Marcum, | ) | C/A No.: 9:05-1610-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is plaintiff's [17] Motion for Attorneys' Fees pursuant to 42 U.S.C. § 406(b).

*Procedural Background*

This Court entered an order on August 22, 2006 which adopted the Report and Recommendation of the Magistrate Judge and remanded the case for further administrative action. The Clerk entered Judgment on the same date. On November 21, 2006, the plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 2412, on the basis that the position taken by the defendant in this action was not substantially justified. Plaintiff also requested an Order of this Court giving him 30 days after being served with notice of any past due benefits to file a motion for fees under the Social Security Act, 42 U.S.C. § 406(b). The Commissioner indicated that he would not oppose the motion, and the Court issued an order on April 16, 2007 ordering the defendant to pay the plaintiff's attorney the sum of $4221.34 in fees and $250 in costs**.** In addition, at the request of Plaintiff's counsel, the Court ordered that the plaintiff be given 30 days after being served with notice of any award of past due benefits to file a motion for fees under the Social Security Act, 42 U.S.C. § 406(b). The Commissioner sent a Notice dated July 11, 2007 to the plaintiff indicating that the plaintiff was entitled to monthly disability benefits. The Notice is attached to the plaintiff's motion for § 406b

fees and contains a stamp indicating receipt on July 16, 2007.[1]

Plaintiff filed the motion that is now before the Court on December 14, 2007 for attorney's fees pursuant to 42 U.S.C. § 406(b)(1). Defendant filed objections on January 2, 2008, asserting that the plaintiff's petition is untimely under Local Rule 83.VII.07(A). Plaintiff filed a Reply in which he argues that the District Court website does not contain the amended version of the Local Rule and that, under the version of the Rule in effect at the time the motion was filed it would be impossible to ever file a timely § 406b motion. Plaintiff cites an order by United States District Judge C. Weston Houck, *Snider v. Barnhart*, #3-98-2800-12, filed on May 3, 2005, in which Judge Houck found that the Local Rule in effect in 2005 did not require a motion for attorney's fees to be filed within 60 days after the expiration date for filing an appeal in cases involving sentence four remands. Judge Houck also found that "deeming counsel has waived his claim for attorney's fees without notice provided by a specific rule is harsh" and that the plaintiff's filing of his motion for § 406(b) fees was timely when it was filed within 120 days after the defendant notified the plaintiff of the amount of past due benefits owed.

*Analysis*

At the time the plaintiff filed his petition, Local Rule 83.VII..07(A) provided as follows:

The following procedure will be used if the petitioner's attorney applies to the Court for an order fixing attorney's fees to be paid out of past accrued benefits for an award of past due benefits. . . (A) . . . The petition for attorney's fees shall be filed within sixty (60) days after the expiration date for filing a notice of appeal or petition for writ of certiorari or affirmance of the judgment on appeal. Noncompliance with this time limit shall be deemed a waiver of any claim for attorney's fees.

Local Rule 83.VII.07(A) was amended effective March 10, 2008 and now appears on the District

---

[1]The Notice also indicates that "[y]ou have sixty days to ask for an appeal. The 60 days start the day after you get this letter. We assume you got this letter 5 days after the date on it unless you show us that you did not get it within the 5-day period."

2

Court website. The current version of the rule provides, in pertinent part:

> The petition for attorney's fees shall be filed within sixty (60) days after the issuance of the notice of award of benefits from the Social Security administration. Noncompliance with this time limit may be deemed a waiver of any claim for attorney's fees, unless the attorney can show good cause for the delay.

Section 406(b) provides that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . ." When the court remands a case for further findings, the attorney may still be entitled to an award of fees. *Morris v. Social Security Admin.*, 689 F.2d 495 (4th Cir. 1982)("Nonetheless, an attorney's entitlement to fees for court services is not eliminated when the court does no more than remand the case to the Secretary . . . ") Section 406(b) does not contain a deadline for filing an attorney's fee petition. Federal Rule of Civil Procedure 54(d)(2) provides that a motion for attorney's fees shall be filed within fourteen (14) days after the entry of judgment "[u]nless otherwise provided by statute or order of the court."

In the case at bar, in its order awarding EAJA fees, this Court granted the request by the plaintiff to allow him to file his § 406(b) motion within 30 days after being served with notice of any past due benefits. Plaintiff received the notice of past due benefits on July 16, 2007. Therefore, his deadline for filing his petition with this Court was August 15, 2007. The petition was not filed until four months later on December 14, 2007 and was accordingly untimely.

Even if this Court were to utilize the Local Rule in effect when the petition was filed, the petition would still be late due to counsel's failure to file the motion within the extended time given by the Court. Under the version of the rule in effect at the time the motion was filed, the motion must be

filed within 60 days after the expiration date for a notice of appeal, where no appeal was filed. At least one judge in this district, United States District Judge Patrick Duffy, has held that, "because a district court's judgment remanding a Social Security claim to the agency is immediately appealable, . . . D.S.C. Civ. R. 83.VII.07(A)'s sixty-day time limit for filing a petition for fees begins to run after the expiration date for filing a notice of appeal of that judgment." *Williams v. Barnhart*, C.A. No.: 4:99-03694-PMD, Docket No. 28, January 16, 2007. Judge Duffy further found that, since the Commissioner has not calculated the amount of the past-due benefits by that deadline, the attorney should request an extension of time from the District Judge "until some time after receipt of a notice of award from the Social Security Administration."

In the case at bar, the judgment remanding the case was entered on August 22, 2006. Since an agency of the United States was a party, the deadline for filing an appeal was sixty days after the judgment was entered. Fed. R. App. P. 4(a)(1)(B). Thus, the deadline for filing an appeal would have been October 23, 2006. Sixty days after that date expired on December 22, 2006. Plaintiff filed its EAJA motion on November 21, 2006, prior to the deadline, requesting the extension which this court granted. However, Plaintiff's counsel failed to timely file the motion as allowed by the court, within 30 days after receiving notice of the award.

If the new version of the local rule is applied to the case, the plaintiff's petition was still filed late since it was not filed within 60 days after the issuance of the notice of award. Counsel has not attempted to show "good cause" for the delay as permitted under the new local rule, but merely argues that the new version of the rule did not apply since he did not have notice of it. Plaintiff also contends that under the old rule, a party should be given a reasonable time to file a motion where a sentence four remand occurs. However, Plaintiff has completely ignored the fact that he actually requested and

4

received an order from this Court giving him a specific deadline for filing his motion (i.e., 30 days from receiving the notice of past due benefits). In addition, the plaintiff's brief is totally silent as to any attempted showing of good cause for the delay. The Court has genuinely struggled with trying to avoid a harsh result to counsel in this case, but the plaintiff does not even address these important points. The Court simply cannot speculate as to the reason why the Petition was filed late where the brief merely discusses counsel's lack of knowledge of the change in the wording of the local rule but provides no reason for the failure to abide by the extended deadline granted by the Court. Therefore, the motion is denied.[2]

**IT IS SO ORDERED**.

 s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

October 28, 2008
Florence, South Carolina

---

[2] At least, Plaintiff's counsel has received about half of his requested fee through the EAJA award of $4221.34 in fees and $250 in costs.